**MARX et al. v. MADDREY.**

Civ. No. 328.

United States District Court,
E. D. North Carolina, Wilson Division.

Jan. 2, 1951.

Lassiter & Moore, Charlotte, N. C., Gay & Midyette, Jackson, N. C., for plaintiffs.

John Kerr, Jr., Warrenton, N. C., for defendant.

GILLIAM, District Judge.

This action was brought to recover an amount alleged to be due on account of certain contracts for the sale of cotton, which were negotiated by plaintiffs for defendant's account on the New York Cotton Exchange and which bound the defendant to deliver 2500 bales of cotton. The defendant answered, admitting that plaintiffs negotiated the contracts for him on the New York Cotton Exchange, and also admitting that the amount stated in the complaint is the correct amount, if anything is due, but by way of defense alleged that "the arrangement and agreement was void for that the real intention of the parties was merely to speculate in the rise or fall of the price of cotton, and the cotton was not to be delivered, and that such fact was known to the plaintiffs."

Thereafter, the plaintiffs moved for summary judgment under Rule 56(c), Fed. Rules Civ.Proc. 28 U.S.C.A., which provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Simultaneously with the filing of the motion, plaintiffs filed the affidavits of John S. Jemison, Jr. and Edwin H. Koehler, and based their motion upon these affidavits, the pleadings, and the deposition of the defendant, which had been taken and filed prior to the hearing of the motion.

Counsel agree that the rights of the parties are to be determined in accordance with the law of North Carolina. While the defendant's answer fails to refer to North

Carolina General Statutes, § 16-3 as the basis for his contention that "the arrangement and agreement was void", it is clear from the phraseology used and statements of counsel for defendant that such is the case. In other words, if the transactions were not outlawed by General Statutes, § 16-3 and if no genuine issue of fact is presented in this respect, plaintiffs are entitled to a judgment on their motion.

The statute referred to was enacted about 60 years ago for the purpose of invalidating the practice of dealing in "futures", that is, the business of pure gambling upon the contingency of whether the market price rose or fell, where there was never any real purchase or sale of the article involved and where there was no intention on the part of either party to a transaction that the article agreed to be sold or delivered would be actually delivered. Such business, as the court understands, was carried on in what were called "bucket shops", and such business was clearly illegal under this statute. Probably, the statute was never designed to outlaw transactions on an exchange on which the articles or things covered by the contract were regularly bought and sold; but the Amendment of 1931 removes any question on this score. The statute, as amended in 1931, in its pertinent parts, reads as follows, General Statutes, § 16-3: "Every contract * * * whereby any person shall agree to sell and deliver any cotton * * * at a place and at a time specified and agreed upon therein, to any other person, whether the person to whom such article is so agreed to be sold and delivered shall be a party to such contract or not, when, in fact * * * it is not intended by the parties thereto that the articles or things so agreed to be sold and delivered shall be actually delivered, or the value thereof paid, but it is intended and understood by them that money or other thing of value shall be paid to the one party by the other, or to a third party, the party to whom such payment of money or other thing of value shall be made to depend, and the amount of such money or other thing of value so to be paid to depend upon

whether the market price or value of the article so agreed to be sold and delivered is greater or less at the time and place so specified than the price stipulated to be paid and received for the articles so to be sold and delivered, and every contract commonly called 'futures' * * * shall be utterly null and void * * * (here follows Amendment of 1931). This section shall not be construed so as to apply to any person, firm or corporation * * * engaged in the business of manufacturing or wholesale merchandising in the purchase and/or sale of the necessary commodities required in the ordinary course of their business; nor shall this section be construed so as to apply to any contract with respect to the purchase and/or sale for future delivery of any of the articles or things mentioned and referred to in this section, where such purchase and/or sale is made on any exchange on which any such article or things are regularly bought and sold, or contracts therefor regularly entered into, and the rules and regulations of such exchange are such that either party to such contract may require delivery thereof; Provided, such contract is made in accordance with such rules and regulations."

The amendment to the statute, in the court's opinion, makes entirely lawful the "arrangement and agreement" between the plaintiffs and the defendant, and upon which the plaintiffs seek to recover of the defendant. It is to be observed under this amendment the contracts in question are not void, and this action may be maintained if (1) the contract was with respect to the purchase and/or sale for future delivery of one of the articles mentioned in the statute, and (2) such purchase and/or sale was made on an exchange on which any such article or things are regularly bought and sold, or contracts therefor regularly entered into, and (3) the rules and regulations of such exchange are such that either party to such contract may require delivery thereof, and (4) such contract is made in accordance with such rules and regulations. The pleadings, the defendant's deposition, and the affidavits filed clearly establish the existence of all four of the prerequisites

786

for exemption from the statute just enumerated and, therefore, it appears that the plaintiffs are entitled to recover, as a matter of law, inasmuch as no genuine issue as to any material fact exists.

■ In the court's opinion, the defendant's answer is not sufficient to raise any genuine issue as to any material fact, and the defendant has filed no opposing affidavits. Engl v. Aetna Life Insurance Co., 2 Cir., 139 F.2d 469, 472: "But the history of the development of this procedure shows that it is intended to permit 'a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there are no genuine issues of fact to be tried.' * * * Hence we have often held that mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment."

Plaintiffs' counsel will present an appropriate decree.